UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL E. HAWKINS, JR.,

        Plaintiff,

        v.                  CAUSE NO. 3:22-CV-288-RLM-MGG

SGT. LEEPER,

        Defendant.

<u>OPINION AND ORDER</u>

Michael E. Hawkins, Jr., a prisoner proceeding without a lawyer, was ordered to show cause why he didn't pay the initial partial filing fee as ordered by the court. The docket reflects that the initial partial filing fee has now been paid. The case can proceed to screening.

The court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to state a claim that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Because Mr. Hawkins is proceeding without counsel, the court must give his allegations liberal construction. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

Mr. Hawkins's amended complaint (ECF 5) is somewhat difficult to decipher, but his claims pertain to events occurring at the Elkhart County Jail from January 12, 2022, to January 20, 2022. He claims that Sergeant Leeper (first name unknown) "became aware of misconduct by other officers and did not rectify conditions." As best as can be discerned, the misconduct had to do with bed assignments at the jail. Mr. Hawkins claims he was assigned a bottom bunk but couldn't always sleep on a bottom bunk because other inmates would often take them, even though those inmates weren't assigned to those bed. He claims that the failure of jail officers to ensure compliance with bed assignments "caused injuries and thefts which went unpunished by those responsible." He also claims that he has been "abused more than 3 times in moves to segregation," apparently due to skirmishes with other inmates over the bottom bunk. Based on these events, he sues Sergeant Leeper for monetary damages and for enforcement of his rights under the "Jail Handbook." He also asks the court to "help us at this jail . . . to protect what little 'rights' we have."

Because Mr. Hawkins is a pretrial detainee, his rights arise under the Fourteenth Amendment. Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018) (citing Kingsley v. Hendrickson, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons," Tucker v. Randall, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted), but the Fourteenth Amendment prohibits "punishment" of pretrial detainees because they are presumed innocent. Bell v. Wolfish, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly,

or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." <u>Miranda v. Cty. of Lake</u>, 900 F.3d at 353–354. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" <u>Mays v. Emanuele</u>, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." <u>Mays v. Dart</u>, 974 F.3d 810, 819 (7th Cir. 2020).

Detainees are also entitled to protection "from physical harm inflicted by others in the institution." <u>Kemp v. Fulton County</u>, 27 F.4th 491, 494 (7th Cir. 2022). "[T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries." <u>Thomas v. Dart</u>, 39 F.4th 835, 841 (7th Cir. 2022). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not suffice. <u>Miranda v. Cty. of Lake</u>, 900 F.3d at 353.

Mr. Hawkins hasn't asserted a plausible Fourteenth Amendment claim. He appears to be trying to hold Sergeant Leeper responsible because other jail officers

didn't enforce the bed assignments, but liability under 42 U.S.C. § 1983 is based on personal responsibility. Sergeant Leeper can't be held liable for the actions or omissions of other jail staff simply because he holds a supervisory position at the jail. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018); Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). Supervisory correctional officials can be held liable for the actions of a subordinate if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Doe v. Purdue Univ., 928 F.3d 652, 664 (7th Cir 2019). Mr. Hawkins alleges generally that he had a "discussion" with Sergeant Leeper, presumably about the issue of the beds, but he doesn't include any factual content about when this conversation occurred, what information he conveyed to Sergeant Leeper, or how Sergeant Leeper responded. Without such information, the court can't plausibly infer that Sergeant Leeper condoned or facilitated a constitutional violation by one of his subordinates.

As for Sergeant Leeper's liability for his own actions, his only personal involvement in these events as alleged by Mr. Hawkins was the "discussion" they had on an unspecified date. Mr. Hawkins complains that he spent more time in segregation after this "discussion," but he doesn't make clear whether anything happened regarding the bed assignments afterward or whether other inmates bothered him again. He also doesn't detail what information he conveyed to Sergeant Leeper, so it's unknown whether he simply reported that he needed a bottom bunk or whether he told Sergeant Leeper he was at risk of harm from other inmates because of the bed issue. Based on what Mr. Hawkins has alleged, the court can't plausibly

infer that Sergeant Leeper "made an intentional decision" about the conditions of Mr. Hawkins's confinement, that the sergeant was on notice Mr. Hawkins was at "substantial risk of suffering serious harm," or that he actually caused Mr. Hawkins injury by failing to take reasonable measures to address that risk. *See* <u>Thomas v. Dart</u>, 39 F.4th at 841.

Mr. Hawkins also complains about having to spend time in segregation, but temporary segregation of detainees for security or managerial reasons doesn't amount to punishment. *See* <u>Higgs v. Carver</u>, 286 F.3d 437, 438 (7th Cir. 2002). Mr. Hawkins doesn't clearly allege who made the decision to send him to segregation, the basis for that decision, or how long he remained in segregation. Given the dates he provides elsewhere in his complaint, it appears he was there for only a short time. For all the complaint reveals, he was sent there temporarily for his own protection after getting into disputes with other inmates over the bottom bunk. He hasn't alleged a plausible constitutional claim on this ground.

Mr. Hawkins might be complaining about the conditions in the segregation unit. "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" <u>Mulvania v. Sheriff of Rock Island Cty.</u>, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). (citation omitted). Detainees are held in conditions that amount to punishment when they aren't provided with "reasonably adequate" food, ventilation, sanitation, bedding, hygiene materials, and utilities. <u>Hardeman v. Curran</u>, 933 F.3d 816, 820 (7th Cir. 2019). Mr. Hawkins doesn't outline any of the conditions in the segregation unit with enough

specificity for the court to infer that he wasn't given reasonably adequate food and other necessities during his stays there. He hasn't alleged a plausible constitutional claim on this ground.

Mr. Hawkins also complains about the loss of his personal property. He appears to allege that jail staff were careless in not enforcing the bed assignments, which led to other inmates taking some of his belongings, apparently because they were fighting over the bottom bunk. Negligent conduct by jail staff does not amount to a due process violation. Miranda v. Cty. of Lake, 900 F.3d at 353. Additionally, he has an adequate state post-deprivation remedy available to recover the value of his lost property and so can't pursue a federal due process claim. *See* Higgason v. Morton, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property in his cell); Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Mr. Hawkins says he's been denied his rights under the jail handbook. Even if he is correct, that wouldn't give rise to a viable constitutional claim. *See* Sobitan v. Glud, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). He also appears to seek relief on behalf of other inmates, but he lacks standing to do so. Massey v. Helman, 196 F.3d 727, 739–740 (7th Cir. 1999).

This complaint doesn't state a claim upon which relief can be granted. In the interest of justice, the court will give Mr. Hawkins a chance to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See* Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **September 9, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by September 9, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 8, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT